STATE, MARTHA KEARSLEY ET AL., PROSECUTORS, v. THEODORE B. GIBBS ET AL.

1. If surveyors appointed to lay out a public road fail to report an assessment of damages in favor of one whose land is taken and who is not an applicant for the road, their return is defective.
2. The Court of Common Pleas, which appointed the surveyors, may make the orders necessary to provide for an amendment of such defective return.

On *certiorari* bringing up proceedings to lay out a public road in Camden county.

Argued at November Term, 1881, before Justices KNAPP and DIXON.

For the plaintiffs, *H. A. Drake.*

For the defendants, *John H. Fort.*

The opinion of the court was delivered by

DIXON, J.   We think the objection to the return of the surveyors, that it contains no assessment of damages to the prosecutors, is a valid one.

The evidence shows that the land of George and Benjamin Porter and of Martha Kearsley was taken for the road, and that they were not applicants for the highway.   An award to " Mrs. Porter " is certainly insufficient to meet the claims of Benjamin and George Porter, and an award to " Mrs. Kearsley " should also probably be condemned, since " Mrs." is not a legal name.   *State* v. *Oliver,* 4 *Zab.* 129 ; *State* v. *Woodruff,* 7 *Vroom* 204 ; *Washington* v. *Fisher,* 14 *Vroom* 377 ; *Elberson* v. *Richards,* 13 *Vroom* 69.

The other objections presented by the reasons are deemed unimportant.

The defendants in *certiorari* desire to have the return amended under the statutes in such cases provided.   These proceedings were taken under the General Road act, approved March 27th, 1874, (*Rev., p.* 990,) and we think that either the ninety-eighth section of that act, or the act of March 12th, 1874, (*Rev., p.* 1018,) provides adequate means for the amendment desired.   *Field* v. *Field,* 9 *Vroom* 290.   But the Court of Common Pleas must make the necessary orders. *Washington* v. *Fisher,* 14 *Vroom* 377.

Let the judgment of this court, therefore, be entered to the effect that the return of the surveyors is defective and erroneous, and that the record be remitted to the Common Pleas, in order that there the whole proceedings may be set aside or proper steps be taken for the due amendment of the return.

And let the prosecutors have judgment for their costs in this court.